# EGYPTIAN LACQUER MFG. CO. v. CLEVELAND VARNISH CO.

Court of Appeals of District of Columbia.

Submitted November 17, 1927. Decided December 5, 1927.

No. 1970.

Trade-marks and trade-names and unfair competition ⬅43—Trade-mark "Pharaoh" will not be denied registration, for deceptive similarity to "Sphynx," "Pyramid," "Obelisk," "Nile," "Cairo," or representation of Sphynx (Trade-Mark Act 1905, § 5, as amended [15 USCA § 85]).

Under Trade-Mark Act 1905, § 5, as amended (15 USCA § 85), trade-mark "Pharaoh" will not be denied registration on ground that it will mislead public and produce confusion in trade, owing to similarity in appearance, sound, or suggestion to trade-marks consisting of names "Egyptian," "Sphynx," "Obelisk," "Nile," "Cairo," representation of Egyptian Sphynx, and representation of Egyptian scene including Sphynx, pyramids, and nomads, applied to same kind of goods.

Appeal from the Commissioner of Patents.

Application for registration of trade-mark by the Cleveland Varnish Company, opposed by the Egyptian Lacquer Manufacturing Company. From a decision of the Commissioner of Patents, dismissing its opposition, opposer appeals. Affirmed.

E. W. Leavenworth, of New York City, for appellant.

K. N. Ware and C. H. Howson, of Philadelphia, Pa., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, the Egyptian Lacquer Manufacturing Company, appeals from the decision of the Commissioner of Patents dismissing its opposition to the registration of the word "Pharaoh" as a trade-mark for lacquers by appellee, the Cleveland Varnish Company.

Appellant's marks are described by the Commissioner as follows: "The opposers alleged trade-marks consist respectively of the names 'Egyptian,' 'Sphynx,' 'Pyramid,' 'Obelisk,' 'Nile,' 'Cairo,' a representation of the Egyptian Sphynx, and a representation of an Egyptian scene, including Sphynx, pyramids, and nomads."

The case turned below on the question of the similarity of the marks. The law excludes from registration trade-marks which are "identical with * * * or which so nearly resemble a registered or known trade-mark owned and in use by another * * *

as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers." Trade-Mark Act 1905, § 5, as·amended (15 USCA § 85). The Commissioner disposed of the case upon the single question of whether or not the marks were so similar as to cause confusion in trade. The goods on which the marks are used are concededly the same.

We are of opinion that the trade-mark "Pharaoh" is not so similar either in appearance, sound, or suggestion to any of the opposer's marks as to mislead the public and produce confusion in trade.

The decision of the Commissioner is affirmed.